1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7   THE BOARD OF TRUSTEES OF THE                   Case No.  14-cv-01153-JD
    CEMENT MASONS HEALTH AND
    WELFARE TRUST FUND FOR
8   NORTHERN CALIFORNIA, et al.,

9               Plaintiffs,                         **ORDER GRANTING MOTION FOR
                                                    DEFAULT JUDGMENT**

10          v.                                      Re: Dkt. No. 22

11  JESUS RUIZ, et al.,

12              Defendants.

13

14          Plaintiffs sued defendants under the Employee Retirement Income Security Act ("ERISA")

15  and the Labor Management Relations Act.  29 U.S.C. § 1132; 29 U.S.C. § 185.  The complaint

16  and summons were served on March 22, 2014.  Dkt. No. 10.  The defendants have not appeared or

17  answered.  Plaintiffs requested that the clerk of the court enter default, which the clerk did on

18  January 21, 2015.  Dkt. Nos. 18-20.  On May 4, 2015, plaintiffs filed a motion for default

19  judgment.  Dkt. No. 22.  The Court grants the motion, and finds oral argument unnecessary

20  pursuant to Local Rule 7-1(b).  The August 12, 2015 hearing date is vacated.

21          Under FRCP 55(b)(2), a party may apply to the Court for entry of judgment by default.

22  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe*

23  *v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Court may consider the following factors in

24  deciding whether to grant a motion for default judgment:

25          (1) the possibility of prejudice to plaintiff, (2) the merits of
            plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
26          the sum of money at stake in the action, (5) the possibility of a
            dispute concerning the material facts, (6) whether the default was
27          due to excusable neglect, and (7) the strong policy underlying the
            Federal Rules of Civil Procedure favoring decisions on the merits.

28

United States District Court
Northern District of California

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are generally considered together because after the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Plaintiffs' complaint sufficiently states a sound cause of action for breach of fiduciary duty under ERISA.

The remaining factors, on balance, also weigh in favor of granting default judgment.  The plaintiffs will be prejudiced if default judgment is not granted because they will be left with no way to recover damages.  The requested amount is reasonable considering the liquidated damages and interest mandated by 29 U.S.C. § 1132(g)(2).  Because defendants have not appeared, there is no indication that their default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible.

Defendants are ordered to pay the Trust Funds $26,121.67 in unpaid contributions, $3,300 in liquidated damages and $32,365.78 in interest.  Defendants are also ordered to pay $11,863.75[1] in attorney's fees and $971.67 in costs.  To the extent plaintiffs wish to pursue other unpaid contributions, they should do so in a separate action.  The Court will not retain jurisdiction.  The action is dismissed and the case is closed.

**IT IS SO ORDERED.**

Dated: June 25, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

---

[1] Plaintiffs' counsel requests an additional $1,625.00 for "an appearance at the hearing on the motion for default judgment and follow-up work regarding the judgment entered by the Court." Dkt. No. 22 at 6.  Because the Court vacates the hearing, this request is denied.

2